# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERESITA GONZALES, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:15-cv-00428-GMN-CWH |
| vs. | ) |
| | ) **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court is the Motion for Partial Summary Judgment (ECF No. 18) filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff Teresita Gonzales ("Gonzales") filed a Response (ECF No. 19), and State Farm filed a Reply (ECF No. 20).

## I. BACKGROUND[1]

This case arises out of an automobile accident that occurred on December 1, 2013, in which Eric Perea, the third-party tortfeasor, struck the rear-end of Gonzales' vehicle. (Ex. C to Mot. Summ. J., ECF No. 18-3). At the time of the accident, Gonzales was insured by State Farm under Policy No. 0062-639-02B (the "Policy"), which provided $100,000/$300,000 in liability coverage, $100,000/$300,000 in underinsured/uninsured motorist coverage, and $25,000 in medical payments coverage. (Ex. B to Mot. Summ. J. at 2–3, ECF No. 18-2). The Policy also entitled State Farm to offset underinsured motorist claims by any amounts Gonzales received from her medical payments coverage under the Policy as well as any amounts she received from a tortfeasor. (*Id.* at 19).

---

[1] The following facts are presented in State Farm's Motion for Summary Judgment (ECF No. 18) and are undisputed by Gonzales (Response 4:1–14, ECF No. 19).

The tortfeasor's insurance company, Esurance, paid Gonzales a total of $15,000, the limits of the tortfeasor's insurance policy, to compensate Gonzales for her personal injuries. (Ex. D.2 to Mot. Summ. J., ECF No. 18-5). In addition, State Farm paid Gonzales $10,943 from the medical payments coverage under the Policy. (Ex. D.4 to Mot. Summ. J., ECF No. 18-7). On November 10, 2014, Gonzales informed State Farm that she had special damages of $17,946.77 and made a demand for $70,000 to settle her underinsured motorist claim. (*Id.*).

State Farm prepared an evaluation of Gonzales' underinsured motorist claim, considering all of Gonzales' medical treatment. (Ex. D.3 to Mot. Summ. J., ECF No. 18-6). State Farm determined that Gonzales' past medical bills were $17,206.93 and that her damages resulting from past pain and suffering ranged from $5,000 to $7,000. (*Id.*). Accordingly, State Farm valued Gonzales' total claim between $22,206.93 to $24,206.93. (*Id.*).

In a letter dated December 22, 2014, State Farm advised Gonzales that, "based on the information we have to date, it appears there is no Underinsured motorist value over the offsets of $25,943, ($15,000 from the tortfeasor and $10,943 from medical payment coverage)." (Ex. D.4 to Mot. Summ. J.). Moreover, State Farm advised that, if Gonzales wished to submit additional information or documentation for State Farm to review, State Farm would review it and inform her if it changed the evaluation of her claim. (*Id.*). In a letter dated January 12, 2015, Gonzales made another demand for $70,000 to settle her underinsured motorist claim. (Ex. D.5 to Mot. Summ. J., ECF No. 18-8).

Subsequently, in a letter dated January 24, 2015, State Farm reiterated its position that, "based on the information we have to date, there does not appear to be an Underinsured Motorist value over the offset of $25,943, ($15,000 from the tortfeasor and $10,943 from medical payment coverage)." (Ex. D.6 to Mot. Summ. J., ECF No. 18-9). Moreover, State Farm reiterated its suggestion that Gonzales could submit additional information or documentation. (*Id.*).

On January 27, 2015, Gonzales brought the present suit in the Eighth Judicial District of Nevada, alleging the following claims: (1) breach of contract; (2) bad faith; and (3) violation of Nevada Unfair Claims Settlement Practices Act, NRS 686A.310. (*See* Compl., ECF No. 1-1). State Farm removed the suit to this Court on March 11, 2015. (Pet. for Removal, ECF No. 1). In its instant Motion for Summary Judgment, State Farm seeks summary judgment as to Gonzales' claims of bad faith, violations of NRS 686A.310, and punitive damages. (Mot. Summ. J. 3:1–4).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship.*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is to "isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

*Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp*., 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

#### A. Bad Faith

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 n.2 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (quoting *Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919, 923 (Nev. 1991)). In order to prevail on a bad faith claim against an insurance company, a plaintiff must demonstrate that: (1) the insurer denied or refused to pay the insured's claim without any reasonable basis; and (2) the insurer had knowledge or awareness of the lack of any reasonable basis to deny coverage or acted with reckless disregard as to the unreasonableness of the denial. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996); *Schumacher v. State Farm Fire & Cas.*, 467 F. Supp. 2d 1090, 1096 (D. Nev. 2006). An insurer is not liable for bad faith so long as it had a reasonable basis to deny coverage. *Pioneer Clor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1249 (D. Nev. 1994).

Gonzales has not shown a genuine issue of material fact exists as to whether State Farm lacked any reasonable basis to refuse to pay her uninsured motorist claim. Rather, Gonzales merely asserts that State Farm's valuation of her past pain and suffering from $5,000 to $7,000 was unreasonable. (Response 8:8–9, ECF No. 19). However, Gonzales presents no evidence demonstrating that such evaluation was unreasonable or that State Farm had knowledge or awareness that such evaluation was unreasonable. Accordingly, summary judgment is granted in State Farm's favor as to Gonzales' bad faith claim.

#### B. Violation of Nevada's Unfair Claim Practices Act, NRS § 686.310

Plaintiff alleges Defendant violated NRS § 686A.310(e) and NRS § 686A.310(f), which provide:

> 1. Engaging in any of the following activities is considered to be an unfair practice:
>
> . . .
>
> (e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.
> (f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

Here, Gonzales has not shown a genuine issue of material fact exists as to whether State Farm violated either provision of NRS § 686A.310.  Further, Gonzales has not provided any evidence demonstrating that State Farm's evaluation of her claim was not prompt, nor has Gonzales provided any evidence demonstrating it was reasonably clear that State Farm was liable to pay Gonzales under the uninsured motorist coverage of the Policy.  Accordingly, summary judgment is granted in favor of State Farm as Gonzales' statutory violation claim.

**C. Punitive Damages**

To receive an award of punitive damages, a plaintiff must demonstrate by clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice, either express or implied. N.R.S. § 42.005(1).  This standard requires that the plaintiff produce evidence "so clear as to leave no substantial doubt[,]" *Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001), that the defendant "acted with a culpable state of mind[,]" *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255 (Nev. 2008).

Here, the Court finds no facts to support an award of punitive damages under NRS 42.005.  Gonzales has failed to proffer any evidence of malice or oppression by State Farm.  Further, there is no evidence that State Farm acted with the intent to vex or injure.  Therefore, the Court finds that there is no basis to support a claim for punitive damages.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that State Farm's Motion for Partial Summary Judgment (ECF No. 18) is **GRANTED**. Accordingly, summary judgment is entered in favor of State Farm and against Gonzales as to Gonzales' claims of bad faith, violations of NRS 686A.310, and punitive damages. However, Gonzales' claim of breach of contract remains to be adjudicated.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this ___21___ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge